## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RAMONA KAMATE,

                     Plaintiff,               Hon.

v.                                        Case No.

YARLEN HENRY, DOMINIQUE REESE,
ELAINE WILLIAMS AND KRISTAL SCOTT,
their individual and official capacities, jointly
and severally,

and

CITY OF DETROIT, a municipality,

                  Defendants.

_____/

| | |
|---|---|
| Robinson & Associates, P.C. | City of Detroit Law Department |
| David A. Robinson (P38754) | Jerry L. Ashford (P47402) |
| Thomas E. Kuhn (P37924) | Jacob M. Satin (P80149) |
| Attorneys for the Plaintiff | Attorneys for Defendant City of |
| 28145 Greenfield Road, Ste. 100 | Detroit |
| Southfield, Michigan 48076 | 2 Woodward Avenue, Suite 500 |
| (248) 423-7234/fax: (248) 423-7227 | Detroit, Michigan 48226 |
| | (313) 237-0563/fax (313) 237-0555 |
| | SatinJ@detroitmi.gov |

_____/

## DEFENDANT CITY OF DETROIT'S NOTICE OF REMOVAL

Defendant, the City of Detroit ("the City"), hereby removes the action

entitled "Ramona Kamate v. Yarlen Henry, Dominique Reese, Elaine Williams

and Kristal Scott, in their individual and official capacities, and City of Detroit, a

municipality," Wayne County Circuit Court Case 17-016163-NO, to this Honorable Court pursuant to 28 U.S.C. §§ 1441(a) and (c) and 28 U.S.C. § 1443. In support of this removal, Defendant states:

1. Plaintiff filed this action on November 9, 2017, in the Wayne County Circuit Court, alleging that City of Detroit police officers violated Plaintiff's constitutional rights.

2. On that date, Plaintiff filed a "Complaint and Jury Demand."

3. Plaintiff's Complaint relies on rights supposedly emanating from the Fourth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff's Complaint also relies upon 28 U.S.C. § 1983 and 28 U.S.C. § 1985 as her statutory vehicles for suit stemming from her alleged constitutional injuries.

5. Because Plaintiff bases her state court lawsuit on the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1985, Defendant City removes this action to this Court, invoking the Court's federal question jurisdiction.

6. In accordance with 28 U.S.C. § 1331, this Court has original jurisdiction of this civil action. In accordance with 28 U.S.C. §§ 1441(a) and (c) and 28 U.S.C. § 1443, and this Court's pendent jurisdiction, it is removed in its entirety to this Court.

7. Copies of all process and pleadings served upon the City in the Wayne County action are attached. For this Court's convenience, the City has also attached a copy of the Wayne County Circuit Court docket sheet in the case, listing all of the documents filed or issued in the case.

8. The City has prepared a written notice of the removal of this action, addressed to the Plaintiff and to the Clerk of the Wayne County Circuit Court. Promptly after filing this Notice of Removal of Civil Action, the City will file that written notice with the Clerk of the Wayne County Circuit Court and will mail that notice by first class mail to Plaintiff's retained counsel.

Respectfully submitted,

s/ Jacob M. Satin (P80149)
City of Detroit Law Department
Attorney for Defendant City of
Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-0563
satinj@detroitmi.gov

Dated: November 20, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMONA KAMATE,

                Plaintiff,                     Hon.

v.                                     Case No.

YARLEN HENRY, DOMINIQUE REESE,
ELAINE WILLIAMS AND KRISTAL SCOTT,
their individual and official capacities, jointly
and severally,

and

CITY OF DETROIT, a municipality,

                Defendants.

_____/

**CERTIFICATE OF SERVICE:**
**DEFENDANT CITY OF DETROIT'S NOTICE OF REMOVAL**

      I state that on December 1, 2017, I filed Defendant City of Detroit's Notice of Removal electronically with the U.S. District Court for the Eastern District of Michigan in this matter.   I served this document upon Plaintiff using the Court's e-filing system, and by mailing this document to Plaintiff.

                                          S/ Jacob M. Satin (P80149)
                                          Attorney for Defendant City of
                                          Detroit
                                          City of Detroit Law Department
                                          2 Woodward Avenue, Suite 500
                                          Detroit, MI 48226
                                          (313) 237-0563
                                          satinj@detroitmi.gov

Dated:    November 30, 2017

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 17-016163-NO Hon. Martha M. Snow |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-6889

| Plaintiff<br><br>Kamate, Ramona | Defendant<br><br>City of Detroit |
|---|---|
| Plaintiff's Attorney<br><br>David A. Robinson 38754<br>28145 Greenfield Rd Ste 100<br>Southfield, MI 48076-7102 | Defendant's Attorney |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>11/9/2017 | This summons expires<br>2/8/2018 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☒ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

11/13/2017
Date

Signature of attorney/plaintiff (P38754)



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | PROOF OF SERVICE | CASE NO<br>17-016163-NO |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
|---|

| ☐ OFFICER CERTIFICATE | **OR** | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Melvin Butch Hollowell c/o City of Detroit | 2 Woodward Ave, Ste 502 Detroit, MI 48226 | 11/13/17 @ 2pm |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature |
|---|---|---|---|---|

Cheryl Watson
Name (type or print)
Legal Assistant
Title

Subscribed and sworn to before me on **11/13/17** , **Washtenaw** County, Michigan.
                                      Date

My commission expires: **11/5/2018** Signature: _____
                        Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of **Oakland**

DAVID A. ROBINSON
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WASHTENAW
My Commission Expires November 5, 2018
Acting in the County of *Oakland*

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                                        Day, date, time

_____ on behalf of _____
Signature

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**RAMONA KAMATE**

        Plaintiff,

vs.

**YARLEN HENRY, DOMINIQUE REESE, ELAINE WILLIAMS AND
KRISTAL SCOTT,** their individual and official capacities,
jointly and severally,

and

**CITY OF DETROIT,** a municipality,

        Defendants.

**CASE NO. 17-**    **NO**

17-016163-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/9/2017 2:15:49 PM
CATHY M. GARRETT

Robinson & Associates, P.C.
David A. Robinson (P 38754)
Thomas E. Kuhn (P37924)
Attorneys for the Plaintiff
28145 Greenfield Road, Ste. 100
Southfield, Michigan 48076
(248) 423-7234 \ fax: (248) 423-7227           /

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties
arising from the transaction or occurrence alleged in the complaint.

/s/ David A. Robinson
David A. Robinson (P 38754)

**NOW COMES** the Plaintiff, through her attorneys, and for her complaint against

the defendants says as follows:

## PARTIES

1. At all pertinent times, Plaintiff was a resident of Wayne County, and a citizen of the State of Michigan.

2. YARLEN HENRY and Kristal Scott [hereafter Individual Police Defendants] were citizens of the State of Michigan, and at all pertinent times worked and were employed as Detroit Police officers in Wayne County.

3. Elaine Williams and Dominique Reese [hereafter Individual Defendants] were citizens of the State of Michigan and lived and/or worked in Wayne County.

4. Defendant CITY OF DETROIT is a municipal corporation located in Wayne County, Michigan and operates subject to the law and the constitutions of both the State of Michigan and the United States of America.

## JURISDICTION and VENUE

5. Individual Police Defendants were at all pertinent times employed as police officers and were, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of the Defendant city.

6. The Plaintiff brings this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

7. The actions giving rise to this complaint arose entirely within Wayne County, Michigan on and after June 2015.

8. The amount in controversy exceeds Twenty-five Thousand Dollars ($25,000).

## FACTUAL ALLEGATIONS

9. In May 2015, Individual Defendants approached Plaintiff, offering to sell her a house on Boston Ave., in the City of Detroit.

10. Individual Defendants told Plaintiff she would have to pay the back taxes, which Plaintiff determined to be around $18,000.

11. Individual Defendants then arranged, in conspiracy with the Individual Police Defendants, to have a quit claim deed drafted and signed turning over the property to Plaintiff.

12. Plaintiff took the quit claim deed to Wayne County Registrar of Deeds, had the deed filed and paid the $18,000 in back taxes.

13. Plaintiff commenced living at the home, making repairs, and hiring contractors to make repairs.

14. On or about August 4, 2015, Individual Defendants in conspiracy with the Individual Police Defendants, claimed that they hadn't sold the house to Plaintiff, had Plaintiff evicted, and initiated a prosecution of Plaintiff.

15. On or about August 4, 2015, Defendant Henry used excessive force, assaulting and battering Plaintiff.

16. Individual Defendants in conspiracy with the Individual Police Defendants had Plaintiff's belongings removed from the house and/or destroyed.

17. Plaintiff was subsequently tried on the charges fabricated by Individual Defendants in conspiracy with the Individual Police Defendants and found not guilty.

18. Individual Defendants in conspiracy with Individual Police Defendants refused to allow Plaintiff possession of her home or the return of the $18,000 which Plaintiff had paid in back taxes for the home.

19. Instead, Individual Defendants in conspiracy with Individual Police Defendants converted Plaintiff's $18,000 to their own uses and purposes.

20. Individual Police Defendants in conspiracy with the Individual Defendants wrongfully arrested Plaintiff, without probable cause, and wrongfully prosecuted her based on false statements.

21. The amount of force used against Plaintiff by Defendant Henry was totally unnecessary based on the totality of the circumstances.

22. The false reports, and accusations of crime were a retaliation for Plaintiff's exercise of their clearly established 1st Amendment Constitutional rights.

23. Plaintiff's Constitutional rights not to be wrongfully seized, charged, maliciously prosecuted and subjected to excessive force were clearly established.

24. Based upon the fabricated and false information submitted by the Individual Police Defendants and Individual Defendants, Individual Police Defendants arrested Plaintiff using totally false and fabricated information that Plaintiff had committed a crime.

25. Plaintiff was charged, and the Wayne County Prosecutor proceeded with a criminal trial against Plaintiff charging her with crimes, charges that were based on Individual Defendants' and Individual Police Defendants' fabricated reports and information.

26. Plaintiff was exonerated.

27. Individual Police Defendants acted in bad faith in seizing, prosecuting, assaulting and battering Plaintiff.

28. Except for the improper conduct, false information, and the fabrication of evidence by Individual Defendants, in conspiracy with Individual Police Defendants, no probable cause existed to charge Plaintiff with any crime and no warrant should have issued.

29. The conduct of Municipal Defendant:

   a. Established or condoned customs, policies and/or practices pursuant to which Individual Police Defendants violated Plaintiff's well-established Constitutional rights;

   b. Failed to properly train Individual Police Defendants such that they violated Plaintiff's well-established Constitutional rights;

   c. Denied Plaintiff fair treatment during the investigation; and,

   d. Ratified, condoned and/or permitted the conduct of Individual Police Defendants;

30. The conduct of the Individual Police Defendants:

   a. Denied the Plaintiff's right to both procedural and substantive due process;

   b. Fabricated evidence to create probable cause against Plaintiff in violation of the 4th and 14th Amendments;

   c. Retaliated against Plaintiff for exercise of her 1st Amendment rights;

   d. Withheld exonerating evidence from the prosecutors and courts;

   e. More specifically, Defendant Henry, used excessive force in the search and seizure of Plaintiff;

   f. Caused or maintained a malicious prosecution;

   g. Caused and maintained a false arrest, false imprisonment; and,

   h. Constituted unlawful seizure.

32 As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered injuries and damages including, but no limited to:

    a.    Loss of liberty;

    b.    Loss of earning capacity;

    c.    Loss of society and companionship;

    d.    Fear, anxiety, humiliation; and shame;

    e.    Emotional distress;

    f.    Physical injuries, including pain and suffering;

    g.    Economic damages, including but not limited to money wrongfully converted by Defendants' and any statutory damages and/or treble damages allowed by statute; and

    g.    Cost of defense to unwarranted criminal charges.

## COUNT I
## 42 USC 1983 & 1985 AGAINST INDIVIDUAL DEFENDANTS

33. Plaintiff hereby re-alleges and incorporates herein by reference all of the Paragraphs, as though the same were fully set forth herein word for word.

34. The Individual Police Officers' actions were done in their individual capacities, and under color of state law.

35. The Individual Police Officers' actions violated clearly established rights of the Plaintiff including but not limited to:

    a.    The right to be free from malicious prosecution (4th and 14th Amendment);

    b.    The right to be free from retaliation for protected speech (1st Amendment and 14th Amendment);

c. The right to be free from wrongful seizure, and use of excessive force (4th and 14th Amendment);

d. The right to procedural and substantive due process and fair treatment during search, seizure, arrest and prosecution (4th and 14th Amendments);

e. The right to be free from conspiracy between Individual Police Defendants and Individual Defendants under 42 USC 1985.

36. As a direct and proximate result of the Individual officers' actions, Plaintiff suffered injury and damages including those set forth in paragraph 32.

37. Defendants pursued and continued prosecution of Plaintiff when they knew the prosecution lacked probable cause, and the arrest and prosecution was based on false and fraudulent information provided by Defendants, willfully and wantonly, and with deliberate indifference.

WHEREFORE, Plaintiff claims judgment against Individual Police Defendants in the amount more than Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II:
## MUNICIPAL LIABILITY
## AGAINST DEFENDANT CITY OF DETROIT
## UNDER 42 USC 1983

38. The Plaintiff incorporates by reference the allegations set forth in Paragraphs above, as if fully set forth herein.

39. At all times herein, Defendant CITY OF DETROIT, with deliberate

indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

    a. Routinely pursuing and continuing prosecutions when it was known they lacked probable cause;

    b. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant CITY;

    c. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for use of force, arrest and prosecution;

    d. Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant CITY knew or had actual notice using excessive force, arresting without probable cause, and prosecuting individuals without probable cause;

    e. Failing to intervene when it knew of improper excessive force, wrongful arrest, and continuation of prosecution of individuals lacking probable cause;

    f. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing use of excessive force, arrest without probable cause, prosecution of individuals without probable cause; and

    g. Routinely failing to comply with federal consent decrees and other court orders requiring proper use of force, arrest with probable cause and continuation of prosecution requiring probable cause.

40. Each of the customs, policies, or practices was known to Defendant CITY as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to continued prosecution without

probable cause, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

41.     As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages, including but not limited to:

   a. Psychological harm, past and future;

   b. Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, loss of reputation, emotional distress, loss of enjoyment of life, and past and future mental anguish;

   c. Pain and suffering due to physical injury;

   d. Loss of consortium, companionship and aide; and,

   e. Economic loss.

   f. Attorney fees and costs allowable under 42 USC 1988.

## COUNT III
## LIABILITY UNDER STATE LAW

42.     Plaintiff hereby re-alleges and incorporates herein by reference all the Paragraphs, as though the same were fully set forth herein word for word.

43.     Individual Police Defendants were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

44.     The minor decision making involved in Individual Police Defendant's actions at all times relevant hereto were merely incidental to the execution of said Individual Police Defendants' ministerial-operational duties.

45. At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and Michigan Constitution, by Individual Police Defendants.

46. At all times relevant hereto, Individual Police Defendants failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a.    to act in good faith, while assaulting and battering Plaintiff;

    b.    to act in good faith, while arresting Plaintiff based on knowingly, recklessly and/or grossly negligently false misinformation;

    c.    to act in good faith while arresting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;

    d.    to act in good faith, while prosecuting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;

47. Notwithstanding these duties, Individual Police Defendants, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in _ultra vires_ conduct.

48. Notwithstanding these duties, Individual Police Defendants knowingly failed to fulfill their ministerial duties while on duty and acting during their employment and/or authority, under color of law and pursuant to customs, policies and/or practices,

wrongfully assaulted and battered Plaintiff, falsely arrested, imprisoned and prosecuted Plaintiff, in bad faith.

49. Notwithstanding these duties Individual Police Defendants deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

    a.    by assaulting and battering Plaintiff;

    b.    by intentional unlawful offer of corporal injury to Plaintiff by force, or force unlawfully directed toward the person of Plaintiff, under circumstances which created a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact;

    c.    by the willful and harmful or offensive touching of Plaintiff which results from an act intended to cause such contact;

    d.    by wrongfully arresting, imprisoning, and prosecuting Plaintiff without probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Defendants.

50. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff were injured.

51. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning,

liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 32.

**WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount more than Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT IV
## FALSE ARREST, FALSE IMPRISONMENT, ASSAULT AND BATTERY, CONVERSION, CONCERT OF ACTION, MISREPRESENTATION AND ABUSE OF PROCESS

59.    Plaintiff re-alleges all prior paragraphs.

60.    Individual Police Defendant Henry assaulted and/or battered Plaintiff, using excessive force.

61.    Individual Defendants in concert of action with Individual Police Defendants caused and/or effected the wrongful arrest and imprisonment of all Plaintiff without probable cause, malicious prosecution of Plaintiff, conversion of Plaintiff's property, with the Individual Defendants' and/or Individual Police Defendants' certain knowledge that Plaintiff could not have committed the crime alleged.

62.    Individual Defendants in concert of action with Individual Police Defendants negligently and/or intentionally misrepresented facts, causing Plaintiff to be divested of around $18,000, and/or causing Plaintiff to be charged and prosecuted.

63.    Individual Defendants in concert of action with Individual Police Defendants created an abuse of process, whereby Plaintiff was wrongfully charged and prosecuted.

64. As a direct and proximate result of the Individual Defendants' actions, in concert of action with Individual Police Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 32.

**WHEREFORE**, the Plaintiff demand judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT V
## GROSS NEGLIGENCE

65. Plaintiff re-alleges all prior paragraphs.

66. Defendants owed Plaintiff a duty of care, including but not limited to a:

   a. Duty to provide protection for Plaintiff when she was in a helpless condition;

   b. Duty not to make Plaintiff's condition worse after taking her into their custody and control;

   c. Duty to properly supervise other officers;

   d. Duty to properly assure the safety of Plaintiff when she was in their care;

   e. Duty not to discontinue their aid or protection, and by so doing leave Plaintiff in a worse position than when the Defendants took charge of her. Rest. 2nd Torts §324;

   f. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, her failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A.

   g. Duty to provide accurate, and full information to a magistrate and prosecutor in order to get a warrant or issue a ticket.

65. The actions of the Individual Police Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

66. The Individual Police Defendants' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

67. The Individual Police Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

68. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

69. As a direct and proximate result of the Individual Police Defendants' actions, in concert with Individual Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 32.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff hereby re-alleges and incorporates herein by reference all of Paragraphs, as though the same were fully set forth herein word for word.

71. At all times relevant the Individual Police Defendants and Individual Defendants notwithstanding their standard duty of due care, owed to Plaintiff the following duties, among others:

    a.    to refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiff;

    b.    to refrain from subjecting Plaintiff to unsubstantiated and false statements meant to create probable cause in bad faith;

    c.    to refrain from subjecting Plaintiff to emotional distress through use of excessive force, wrongful seizure and prosecution;

d.      to refrain from treating Plaintiff in an extremely and outrageously abusive manner;

72.    The Individual Police Defendants, in concert with Individual Defendants, negligently, grossly negligently, willfully, wantonly, knowingly and/or intentionally breached and continue to breach one or more of said duties by, among other things:

a.      negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by wrongfully assaulting, battering, arresting, seizing, wrongfully prosecuting, wrongfully retaliating against protected speech, wrongfully creating false statements, perjuring or suborning perjury against Plaintiff;

b.      negligently, grossly negligently, and/or intentionally, in bad faith, subjecting Plaintiff to undue and unlawful assault and battery, arrest and detention and malicious prosecution;

c.      negligently, grossly negligently and/or intentionally, in bad faith, subjecting Plaintiff to injury and pain resulting from use of wrongful seizure;

d.      negligently, grossly negligently, and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

73.    As a direct and a proximate result of said negligent, grossly negligent, reckless, wilful, wanton, knowing and/or intentional misconduct, all done in bad faith, by the Individual Police Defendants, in concert with Individual Defendants, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including, physical and mental pain, mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 32.

**WHEREFORE**, the Plaintiff demands judgment against the Individual Defendants and Individual Police Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

Respectfully Submitted,

/s/ David A. Robinson
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Road, Ste.100
Southfield, MI 48076
(248) 423-7234

Dated: November 7, 2017

## JURY DEMAND

**NOW COME** the Plaintiff and demands trial of her cause by jury.

/s/ David A. Robinson
DAVID A. ROBINSON (P38754)
THOMAS E. KUHN (P37924)
Attorneys for Plaintiff

Dated: November 7, 2017

# ROBINSON & ASSOCIATES, P.C.

### Attorneys and Counselors at Law

David A. Robinson, Esq.

28145 Greenfield Road
Suite 100
Southfield, Michigan 48076-7116
Office: (248) 423-7234
Facsimile (248) 423-7227
E-mail: attyrobinson@davidarobinsonlaw.com

November 10, 2017

Attn: Melvin Butch Hollowell, Esq
Corporation Counsel
City of Detroit Law Dept.
2 Woodward Ave
Suite 502
Detroit, MI 48226

Re:   Ramona Kamate v Yarlen Henry, et al, Case #17-016163-NO

Dear Mr. Hollowell:

Enclosed please find the *Summons & Complaint,* for service upon the City of Detroit, relevant to the above-captioned matter.

Thank you for your attention in this regard. Should you have any questions or concerns, please do not hesitate to contact our office at the number provided above.

Sincerely,

ROBINSON & ASSOCIATES, P.C.

DAVID A. ROBINSON
ATTORNEY AND COUNSELOR AT LAW

DAR/ccw
Enclosure(s)



Robinson & Associates, PC
28145 Greenfield
Suite 100
Southfield, MI 48076

CERTIFIED MAIL

7002 2410 0002 9298 3399

RECEIVED

CITY OF DETROIT
LAW DEPARTMENT

RETURN RECEIPT
REQUESTED

Attn: Melvin Butch Hollowell, Esq
Corporation Counsel
City of Detroit Law Dept.
2 Woodward Ave, Suite 502
Detroit, MI 48226

U.S. POSTAGE
PAID
LATHRUP VILLAGE, MI
48076
NOV 13, 17
AMOUNT
$7.71
R2304H109731-05

48226

1000