UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMONA KAMATE,

        Plaintiff,

Case No. 17-CV-13882

vs.

HON. GEORGE CARAM STEEH

YARLEN HENRY, DOMINIQUE
REESE, ELAINE WILLIAMS,
KRISTAL SCOTT AND THE
CITY OF DETROIT,

        Defendants.
_____/

ORDER GRANTING DEFENDANT WILLIAMS' MOTION
FOR SUMMARY JUDGMENT [ECF NO. 46] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT HENRY'S
<u>MOTION FOR SUMMARY JUDGMENT [ECF NO. 47]</u>

Plaintiff Ramona Kamate brings this action against Yarlen Henry and

Elaine Williams.[1]  Henry is a City of Detroit police officer.  As it pertains to

defendant Henry, plaintiff's complaint presents claims under 42 U.S.C. §

1983 for wrongful arrest, excessive force and malicious prosecution.

Plaintiff asserts claims against both defendants Henry and Williams for

conspiring to falsely arrest and imprison and maliciously prosecute her in

_____

[1] Clerk's entry of default entered against defendant Dominique Reese on
January 15, 2019.  Plaintiff stipulated to dismiss defendants Kristal Scott
and the City of Detroit.  Only defendants Yarlen Henry and Elaine Williams
remain.

- 1 -

violation of 42 U.S.C. § 1985. Plaintiff also alleged violations of state law against Henry for assault and battery, false arrest and imprisonment, and malicious prosecution. Finally, plaintiff alleges a claim of intentional infliction of emotional distress against both Henry and Williams.

The matter is before the court on separate motions for summary judgment filed by Henry and Williams. The parties appeared for oral argument on August 26, 2019. For the reasons stated below, defendant Williams' motion for summary judgment is GRANTED and defendant Henry's motion for summary judgment is GRANTED IN PART AND DENIED IN PART.

FACTUAL BACKGROUND[2]

In 2015, plaintiff was working for a bail bond agency in Wayne County. Through her employment, she was routinely assigned to Highland Park courts. According to plaintiff, she told people at the Highland Park courts about winning $40,000 from the Michigan lottery and her desire to use the money to purchase a larger house so she could foster children. A woman who identified herself as Elaine Cohen told plaintiff she owned a

---

[2] The facts come primarily from the depositions of the parties. The court notes that plaintiff has not provided documentary evidence to support many of her allegations, including the deed to the property, the payment of any property taxes, the alleged improvements made to the property, or any injuries she sustained due to the acts of defendants.

house at 265 Boston in Detroit that she thought she would lose in foreclosure for failure to pay her property taxes. Plaintiff developed sympathy for Cohen when Cohen explained that she had previously lost a house to foreclosure in Florida, that she was pregnant, and that her partner was abusing her. Cohen told plaintiff that she could acquire the Detroit property if she paid the taxes on the house and fixed the place up.

Plaintiff went to look at the house at 265 Boston. While she was there, a uniformed police officer who was patrolling the area told plaintiff the owner of the house was another police officer. Plaintiff told the officer she was thinking about purchasing the house. Plaintiff could see that the yard was neglected, and the house was full of garbage, but the house was locked so she could not enter.

A couple days later, Cohen and another woman met plaintiff at the house and let her inside. Plaintiff was not introduced to the other woman, but she later learned the woman was defendant Henry. Once inside the house, plaintiff saw that it was full of trash and that the wiring, plumbing and water heater had been removed. Plaintiff decided she wanted to buy the house.

Plaintiff spoke to the Wayne County Treasurer, who told her that she needed a deed to the property before she could pay the back taxes.

Cohen first got upset when plaintiff told her she needed a deed to the property, but later instructed plaintiff to meet her at a party store where they could have a quit claim deed notarized. When plaintiff met Cohen at the notary she saw the person she later identified as Henry waiting in the car. Cohen and plaintiff went inside and had the deed notarized. They then went to the County Treasurer's office where Cohen gave plaintiff the signed and notarized deed. Plaintiff filed the deed but did not have the money to pay the taxes at that time. Plaintiff returned to the Treasurer and was told she only had to pay 10% of the back taxes, or $1,860, to qualify for a monthly payment plan for the remainder of the back taxes due.

Cohen gave plaintiff the keys to the house. From May to early August 2015, plaintiff worked on the house. She payed Lawrence Lyons $6,000 to re-wire and re-plumb the house and to put in a new circuit breaker. Plaintiff also had a new water heater installed for $400. Plaintiff and her family cut the grass, planted flowers and cleaned the trash from the house. She bought a mattress and refrigerator and started living in the house. In July, plaintiff found a note on the door of the house, written by Henry, telling plaintiff she had to vacate the premises.

On August 3, 2015, plaintiff was confronted with a locksmith outside the house who said he was there to change the locks for the owner, who he

identified as Miss Henry.  When plaintiff said she was the new owner of the house, the locksmith called Henry.  Henry arrived at the house, identified herself as a police officer, and instructed plaintiff to leave.  Henry was on duty and was dressed in her Detroit Police polo shirt.

Defendant Elaine Williams also arrived at the property.  Plaintiff did not recognize this person as the woman she knew as Elaine Cohen. However, when plaintiff listed off the details she knew about Cohen, Williams admitted those things were true about her.  Plaintiff recognized Henry as the woman she previously saw with Cohen/Williams in the car when she looked at the house and when she signed and filed the deed to the property.

Plaintiff called 911 and requested a supervisor because she was having a problem with a police officer.  The responding officers came from the same precinct as Henry.  The supervisor looked over plaintiff's paperwork and spoke to Henry.  The supervisor demanded that plaintiff open the door or face being arrested.  Plaintiff opened the door and the officers entered, along with Henry and Cohen/Williams.  Plaintiff asked for permission to remove her possessions, but Henry and Cohen/Williams falsely stated that the mattress was theirs.  Plaintiff became upset when she realized she had been swindled.  She went to the basement and

started to pull out the circuit breakers and wires that she had installed. Henry and two other officers followed plaintiff downstairs and told her she was going to jail. Henry allegedly pushed plaintiff to the ground and, along with the other officers, started to beat and kick plaintiff. Cohen/Williams witnessed the beating but did not participate. The supervisor was still upstairs and asked what was going on. Henry and the officers went back upstairs. Plaintiff lost two teeth in the beating. Plaintiff was not arrested.

Cohen/Williams testified that she previously lived in Florida with Henry, and the two were girlfriends. She lost her Florida home to foreclosure. She purchased the house at 265 Boston in 2007. She and Henry lived in the house until 2013 when they broke up. One of Cohen/Williams' cousins lived in the house for a couple of months in 2013. After the cousin moved out the house was vacant, and vandals stripped it of all copper wiring and plumbing, as well as the water heater.

Cohen/Williams acknowledges she did not pay any taxes on the house for years. She received several notifications from Wayne County that the house was subject to foreclosure. Henry and Cohen/Williams both testified they checked on the house during the period it was vacant. Henry testified that she left the note on the door in July 2015 instructing the occupant to vacate because a fellow police officer told her that someone

else was living in the house.  Henry also testified that prior to August 3 only she and her father had a key to the house.

After plaintiff was evicted from the house on August 3, Cohen/Williams went to the precinct and filed a police report.  She claimed to be a victim of a fraudulent transfer of a deed by plaintiff.  Cohen/Williams identified Henry as a witness to the crime.

Plaintiff attempted to make a report of police misconduct, but she contends that the police would not take the report.  Plaintiff and her attorney eventually met with a detective, Henry and Cohen/Williams.  At the meeting, Henry and Cohen/Williams insisted on pursuing their criminal complaint against plaintiff.  Plaintiff offered to deed the property back to Cohen/Williams if she and Henry paid plaintiff back for the taxes and repair expenses she incurred.  Cohen/Williams and Henry refused plaintiff's offer.

Plaintiff contends that Cohen/Williams and Henry made statements to the police against her in their combined attempt to maliciously prosecute her.  (Williams Statement, November, 2015; Henry Statement February, 2016).  On April 13, 2016, a warrant was issued against plaintiff.  On July 5, 2016, both Cohen/Williams and Henry testified against plaintiff at her preliminary examination.  Following trial on charges of forging and

recording a fraudulent deed to real property, a jury found plaintiff not guilty on all charges.

Cohen/Williams brought a quiet title action in Wayne County. On May 3, 2018, title to 265 Boston was quieted in favor of Cohen/Williams.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v.*

*Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Tolan v.* Cotton, 572 U.S. 650, 660 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury

could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

I. 42 U.S.C. 1983 - Defendant Henry

Defendant Henry argues that she is entitled to qualified immunity on plaintiff's constitutional claims. In determining whether a government official defendant is entitled to qualified immunity, the court must engage in two inquiries. One, whether the facts the plaintiff has shown make out a violation of a constitutional right, and two, whether the right at issue was clearly established at the time of defendant's alleged misconduct. The order in which these two prongs of the qualified immunity analysis are considered depends on the circumstances of the particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, the court finds it helpful to first examine the claims plaintiff is alleging.

A. Excessive Force

Plaintiff testified she went to the basement and proceeded to pull out the wires and circuit breaker she had paid to have installed. As she was doing so, Henry and two other officers allegedly pushed her down, beat her and kicked her, causing injury including the loss of two of her teeth. When

the supervisor came to the top of the stairs and asked what was going on, Henry and the other officers stopped their attack and went upstairs without handcuffing or arresting plaintiff. Plaintiff's alleged constitutional violation appears to be the use of excessive force and assault and battery where less force was needed to stop her from committing property damage. Henry denies engaging in any physical attack on plaintiff. The only eyewitness who was deposed was Williams, who denied seeing an attack on plaintiff. Finally, plaintiff did not provide any evidence documenting her alleged injuries.

Accepting plaintiff's testimony as true and giving her the benefit of all reasonable inferences, a jury could find that to the extent plaintiff posed a threat, more force was used than was necessary. If a jury finds that plaintiff was not a threat once she was pushed to the ground, this could make Henry's beating and kicking of her excessive. *See Lawler v. City of Taylor*, 268 Fed.Appx. 384, 387 (6th Cir. 2008).

In this case there is a triable issue of fact whether Henry used objectively unreasonable force against plaintiff. It is well-established that there is a Fourth Amendment right to be free from the use of excessive force and a police officer engaging in excessive force is not protected by qualified immunity. *Smoak v. Hall*, 460 F.3d 768, 787–88 (6th Cir. 2006)

(citation omitted).  Henry is not entitled to qualified immunity for plaintiff's allegations of excessive force.  Summary judgment on this claim is denied.

B.    <u>Wrongful Arrest and Malicious Prosecution</u>

Plaintiff also alleges that Henry violated her constitutional rights by falsely claiming that plaintiff fraudulently obtained the deed to the home. According to plaintiff, Henry and Cohen/Williams were the ones who arranged for someone to quit claim deed the property to plaintiff, and then benefited from plaintiff's payment of delinquent taxes and renovations. Based on Henry's fabrication of evidence, plaintiff was arrested and prosecuted for fraud and falsifying a deed to real property.

However, plaintiff does not accuse Henry of wrongful arrest or malicious prosecution in her capacity as a police officer.  Rather, she alleges that Henry filed a wrongful police report and falsely testified at the preliminary examination as a private citizen in order to have plaintiff prosecuted for fraud.

The court finds that plaintiff has not stated a cause of action against Henry for wrongful arrest or malicious prosecution under 42 U.S.C. 1983. Therefore, summary judgment on this claim is granted.

II.     Intentional State Torts – Henry

Plaintiff alleges that Henry arranged for a woman to pretend to be Elaine Cohen/Williams and commit a fraud on plaintiff.  Plaintiff further alleges that during the course of the fraud, Henry was acting as a police officer when she kicked and beat her in the basement of the house, knocking out two of her teeth.  Subsequently, Henry allegedly filed a false police report against plaintiff and testified falsely at the preliminary examination in plaintiff's fraud case.

A.     Assault and Battery

Under Michigan law, an individual may bring an assault and battery claim against an officer who "uses more force than reasonably necessary in effecting an arrest," *White v. City of Vassar,* 157 Mich.App. 282, 403 N.W.2d 124, 130 (1987) (per curiam), and "actions which would normally constitute intentional torts are protected by governmental immunity" only if "those actions are justified," *Brewer v. Perrin,* 132 Mich.App. 520, 349 N.W.2d 198, 202 (1984).

Immunity for a government employee's intentional torts is set by statute.  MCL 691.1407(3).  A government employee has immunity if: (1) the challenged acts were undertaken during the course of employment and within the scope of the employee's authority; (2) the acts were undertaken

in good faith; and (3) the acts were discretionary, rather than ministerial, in nature. *Odom v. Wayne County*, 482 Mich. 459, 461 (2008). An employee is not acting in good faith when he acts maliciously or with wanton or reckless disregard of the rights of another. *Id.* at 464.

Plaintiff alleges that Henry, acting as a police officer, assaulted and battered her when she pushed her down and kicked and beat her, causing plaintiff injury, including the loss of two teeth. There is a preliminary issue of material fact whether Henry committed an assault and battery against plaintiff in this case. If so, there is a further issue whether Henry undertook such actions against plaintiff in good faith for purposes of governmental immunity.

Henry's motion for summary judgment is DENIED as to the claim of assault and battery.

B.   False Arrest and Imprisonment

There is no evidence to support a claim that Henry arrested plaintiff in her capacity as a police officer. Plaintiff does argue that Henry, as a private individual, caused her to be arrested by filing a false police report and testifying falsely at her preliminary examination. To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was made without legal authority. *Peterson Novelties, Inc. v. City of*

*Berkley*, 259 Mich. App. 1, 18 (2003) (citations omitted). In this case, plaintiff was arrested under legal authority, pursuant to a warrant, though she was ultimately exonerated of the charges brought against her. Plaintiff has not supported a cause of action against Henry for false arrest and imprisonment.

Summary judgment is granted in favor of Henry.

C.   Malicious Prosecution

Plaintiff alleges that Henry initiated charges against plaintiff by providing falsified evidence of the crime of fraud and forgery to the police and the court. Again, plaintiff alleges that Henry acted in her individual capacity. "The plaintiff has the burden of proving (1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." *Matthews v. Blue Cross & Blue Shield of Michigan*, 456 Mich. 365, 378, (1998) (citations omitted).

Plaintiff alleges that Henry, along with Cohen/Williams, caused and continued a prosecution against her. Defendants allegedly accomplished

this by having someone impersonate Williams and issue a deed to plaintiff. They then initiated a police report alleging that plaintiff committed fraud against them and provided falsified evidence of a crime to the police and the court. However, a warrant may not be issued without the prosecutor's written authorization. *Id.* at 384. Therefore, in Michigan, the prosecutor's exercise of his or her independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution. *Id.* (citation omitted). Plaintiff has not made any allegation, nor has she offered any evidence, that the prosecutor did not exercise independent discretion in issuing the warrant against her.

Summary judgment is granted in favor of defendants as to this cause of action.

III. <u>42 U.S.C. 1985 - Defendants Henry and Cohen/Williams</u>

Federal statute provides a cause of action against private conspiracies to violate a person's constitutional rights. 42 U.S.C. § 1985. Plaintiff alleges that Cohen/Williams and Henry conspired to wrongfully cause her to be arrested and prosecuted, knowing that plaintiff had not engaged in any wrongdoing herself.

Defendant Cohen/Williams points out that on May 3, 2018, legal title to 625 Boston was quieted in favor of herself by Judge Leslie Smith of the

Wayne County Circuit Court.  In addition, Cohen/Williams cites to plaintiff's deposition testimony in the quiet title action for the proposition that plaintiff admitted she did not receive a validly signed deed from Cohen/Williams, and for that reason the property was never lawfully conveyed to plaintiff. Based on this evidence, Cohen/Williams asks the court to summarily conclude that there is no genuine issue of material fact as to any claim made by plaintiff against her.

The parties agree that Cohen/Williams and plaintiff never directly interacted before August 3, 2015.  Plaintiff believes that a woman she knew as Elaine Cohen was posing as the owner of the house.  The imposter was the person who signed the deed over to plaintiff and gave her the keys to the property.  Cohen/Williams contends that plaintiff is not able to maintain a cause of action against her after admitting she was not the person who allegedly gave plaintiff the deed and that the deed she obtained was not valid.  However, this evidence alone is not a defense to plaintiff's theory that defendants conspired to violate her constitutional rights and benefited from the fraud they allegedly committed against her.

A.    False Arrest and Imprisonment

Plaintiff accuses Cohen/Williams and Henry of conspiring to wrongfully defraud her and then fabricating the basis for her to be arrested.

To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was made without legal authority. *Peterson Novelties, Inc.* 259 Mich. App. at 18 (citations omitted). The guilt or innocence of the person arrested or imprisoned is not relevant because actual innocence is not an element of false arrest or false imprisonment. *Id.*

Plaintiff asserts that Cohen/Williams and Henry conspired to have plaintiff arrested and imprisoned by making a false police report and testifying falsely at her preliminary examination. This does not support a cause of action for false arrest or false imprisonment, however, because there is no allegation that plaintiff was not arrested under legal authority. "One who instigates or participates in a lawful arrest, as for example an arrest made under a properly issued warrant by an officer charged with the duty of enforcing it, may become liable for malicious prosecution, . . . but he is not liable for false [arrest or] imprisonment, since no false [arrest or] imprisonment has occurred." *Id.*

Summary judgment is granted in favor of the defendants.

B. <u>Malicious Prosecution</u>

Plaintiff's claim that Henry and Williams/Cohen conspired to maliciously prosecute her fails for the reasons discussed above in section II C.

Summary judgment is granted in favor of the defendants.

IV.  <u>Intentional Infliction of Emotion Distress – Henry and Williams</u>

Plaintiff brings a state law claim for intentional infliction of emotional distress against both defendants Henry and Cohen/Williams.  The elements of intentional infliction of emotion distress require plaintiff to prove the following:

(1) extreme and outrageous conduct,

(2) intent or recklessness,

(3) causation, and

(4) severe emotional distress.

*VanVorous v Burmeister*, 262 Mich App 467, 483 (2004).

Plaintiff argues Henry and Cohen/Williams conspired to defraud her to get her to pay their property tax bill and make repairs to their house. They used Henry's position as a police officer to further intimidate plaintiff. They allegedly lied to authorities in a police report and at the preliminary examination, which resulted in plaintiff's arrest and alleged malicious prosecution.  They brought a quiet title action to get back the title to the property and cover up their own fraud, all while benefiting from the work and money invested by plaintiff while she believed she owned the property.

The level of emotional distress contemplated by the Restatement drafters is such that "no reasonable man could be expected to endure it." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 610 (1985).  While the allegations made by plaintiff, if proven to be true, might rise to the level of extreme and outrageous conduct, plaintiff has not provided any evidence of her suffering severe emotional distress.  Plaintiff must provide evidence of each element of the cause of action for her claim to go to the jury.  In this case plaintiff has failed to provide any evidence in to support her allegation of experiencing severe emotional distress at the hands of defendants.

Summary judgment is granted to defendants.

## CONCLUSION

For the reasons stated above, defendant Henry's motion for summary judgment is DENIED as to plaintiff's § 1983 excessive force claim and assault and battery claim.  Defendant Henry's motion for summary judgment is GRANTED as to all other claims.  Defendant William's motion for summary judgment is GRANTED in its entirety.

Dated:  October 7, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 7, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk